## Cooke's Estate.

F. Lyman Windolph, for accountants; H. Clay Brubaker, for exceptions.

APPEL, P. J., Jan. 10, 1929.—Exception is taken to the award of $100 on account of claim of Annie Long. Her claim as presented is for $150. It is itemized and in legal character divides itself into two separate and distinct parts.

The first is an item of $50 for services performed and work done by claimant for the decedent in his lifetime. It appears from the testimony that decedent rented a room in claimant's home, for which he agreed to pay $3 per week. This rental was paid in full, the last payment being made after decedent's death. The contract included all the usual services required in such a case. This part of the claim, being for extra services and attention in connection with the occupancy of the room, was disallowed under the authority of Gross's Estate, 284 Pa. 73, and other cases that might be cited.

The other part of the claim is of a different character. It is for $100, being the value of a rug, mattress, blanket and comfort alleged to have been ruined and destroyed by decedent. The testimony shows that decedent did not or could not control his physical necessities; that he was careless about his room and bed, both being befouled with excrement and tobacco juice. It

clearly appears from the evidence that such was the misuse decedent made of his room and bed, that when he left to go to the hospital a few days before he died, it was found that the rug, mattress, blanket and comfort were in such vile condition, due to his habits, that they could not be used again and were, therefore, practically destroyed. Whether this was occasioned by the carelessness of decedent or was the result of his uncontrollable actions, the legal effect is the same. In either case, he or his estate would be liable for the value of the articles destroyed. This value was shown by credible witnesses. Indeed, the value of the articles is not seriously disputed, and it is not strenuously denied that the articles mentioned were rendered useless. The exceptant claims that their destruction, if they were destroyed, was incidental to a normal use of the room decedent occupied, and is, therefore, included in the contract of $3 per week above referred to. With this contention we do not agree. Ordinary use of the articles during the period of decedent's occupancy of the room would not involve their destruction. It was their misuse, due to his filthy habits, that rendered them valueless. The $3 per week was small compensation for the use of the room and for the services performed by claimant in conjunction therewith, many of which were most disagreeable and repulsive. If, under the law, she is denied payment for these services, it is only just she should be compensated for the articles destroyed and rendered useless by decedent.

The claim for $150 was properly disallowed, but the claim for the value of the articles destroyed is valid in law.

The exceptions are dismissed and the adjudication is confirmed absolutely.

From George Ross Eshleman, Lancaster, Pa.